# IN THE SUPREME COURT OF IOWA

No. 17–1750

Filed December 14, 2018

**STATE OF IOWA,**

Appellee,

vs.

**MITCH BUESING,**

Appellant.

---

Appeal from the Iowa District Court for Cerro Gordo County, Colleen D. Weiland, Judge.

A defendant appeals his sentence claiming the sentencing factors relied upon by the district court violated his due process rights. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Gina A. Jorgensen, Assistant County Attorney, for appellee.

**PER CURIUM.**

On September 3, 2016, Susan Wiley returned to her Mason City home and found a bicycle in her backyard that did not belong to her family. When she walked the bike around to the front of her house, the other person with her outside the house, Mike Damm, heard someone exit the back of the house. Wiley and Damm were alarmed and took a pitchfork with them to enter the home. Inside, they found someone had rummaged through belongings and had stolen Wiley's property, including silverware, jewelry, and other household goods and personal items.

On September 9, the State charged Mitch Buesing with theft in the second degree in violation of Iowa Code sections 714.1(1) and 714.2(2) (2016), and burglary in the second degree in violation of Iowa Code sections 713.1 and 713.5 for the burglary of Wiley's home on September 3. On September 12, the State moved to amend the original theft charge to theft in the first degree, after learning the total value of the stolen property was in excess of $10,000. Buesing pled not guilty to both charges.

While the charges were pending against Buesing, on March 5, 2017, an unknown person broke into Krista Conroy's car, and her bracelet, purse, wallet, and IPad were stolen. On March 10, Mason City police officers received a call from Conroy, who told officers she had activated her app,[1] which indicated her missing IPad was at 95 Oak Run Drive in Mason City—Buesing's residence. Officers obtained and executed a search warrant for Buesing's home that same day. At Buesing's home, officers recovered numerous items that had been reported as stolen, including, Milwaukee power tools; a Milwaukee Shop vacuum; seven Stihl power

---

[1]Presumably the "Find my IPhone" app, which allows users to link all of their Apple devices together so if one goes missing, users can locate the missing device using a different device.

tools; a fluke meter; a code reader; various tools, a tool box, and power chargers; two IPads, including Conroy's; two IPhones; a coat; Conroy's ID, credit cards, and jewelry.

On April 7, the State charged Buesing with theft in the second degree for the items recovered on March 10, 2017. Buesing again pled not guilty.

On September 12, Buesing changed his plea and pled guilty to theft in the first degree for the September 3, 2016 event and theft in the second degree for the items found during the search on March 10, 2017. Pursuant to a plea agreement, the State agreed to dismiss the burglary charge, support the recommendation of the presentence investigation report (PSI) preparer, and recommend Buesing's convictions be served concurrently with other sentences for his probation revocations and consecutively for the two theft charges.

The department of correctional services prepared a PSI. It included an Iowa Risk Revised assessment report (IRR). The IRR determined Buesing to be high risk for recidivism.

On October 30, the district court sentenced Buesing. Buesing and his attorney reviewed the PSI and his attorney told the court,

> Only one correction, Your Honor. On page one, he's indicating his weight is 190 pounds. Other than that, Your Honor, we have no changes, additions, corrections. I don't know of any reason why the court cannot use this document for sentencing.

The court sentenced Buesing to prison for a maximum of ten years for theft in the first degree, to be served consecutively with five years for theft in the second degree. The judge stated the two prison terms were to be served concurrently with two other sentences Buesing was to serve due to his probation revocation. Buesing appeals.

On appeal, he contends the district court violated his due process rights by using the IRR in sentencing. In the alternative, he argues the court abused its discretion by considering the IRR without understanding the purpose and limitations of the IRR. The alternative argument is in essence a due process argument. He also argues counsel provided ineffective assistance by failing to object to the sentencing proceeding because the court's consideration of and reliance on the IRR violated Gordon's due process rights.

Today, we filed an opinion in *State v. Gordon,* ____ N.W.2d ____ (2018). In *Gordon,* we held a defendant could not raise this due process argument for the first time on appeal when the defendant did not bring the issue to the district court at the time of sentencing. *Id.* at ___. Furthermore, we held we could not address the due process issue under the rubric of ineffective assistance of counsel because the record is insufficient to reach this claim. *Id.*

Here, Buesing not only failed to raise a due process issue at the time of trial, but as in *Gordon,* he told the court it could rely on the information in the PSI. For this reason, we find Buesing failed to preserve his due process claim for direct appeal. Additionally, we cannot reach Buesing's ineffective-assistance-of-counsel due process claim on direct appeal for the reasons stated in *Gordon. See id.* Of course, Buesing may bring a separate postconviction-relief action claiming ineffective assistance of counsel based on due process, if he so wishes. Therefore, we affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except Appel, J., who concurs specially.

This opinion shall not be published.

**APPEL, Justice (concurring specially).**

For the reasons expressed in *State v. Gordon*, ___ N.W.2d ___, ___ (Iowa 2018) (Appel, J., concurring), I concur in the result in this case.